**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
EMILIO JIMENEZ-JIMENEZ,                 :
                                        :          CIVIL ACTION
                   Petitioner,          :
                                        :
        v.                              :          No. 09-304
                                        :
SECRETARY OF HOMELAND SECURITY,         :
et al.,                                 :
                                        :
                   Respondents.         :
_____:


                        <u>**MEMORANDUM**</u>


**ROBERT F. KELLY, Sr. J.**                        **FEBRUARY 26, 2009**


        Presently before the Court is Petitioner Emilio Jimenez-Jimenez's ("Jimenez-Jimenez")

Petition for Writ of Habeas Corpus.  For the following reasons, the Petition shall be transferred to

the District Court for the Middle District of Pennsylvania.

**I.      FACTS**

        Jimenez-Jimenez is a native and citizen of Mexico.  (Petr.'s Br. Supp. Pet. at 1.)

Jimenez-Jimenez claims that, on or about January 3, 1998, he entered the United States without

being inspected.  (<u>Id.</u>)  On March 12, 1998, the former Immigration and Naturalization Service

("INS") served on Jimenez-Jimenez a Notice to Appear ("NTA"), charging him with

removability under Section 212(a)(6)(A)(I) of the Immigration and Nationality Act ("INA").

(Petr.'s Br. Supp. Pet., Ex. 1.)  The NTA ordered Jimenez-Jimenez to appear before an

Immigration Judge at "a location to be set" and "at a time to be set."  (<u>Id.</u>)  Jimenez-Jimenez

asserts that, at the time he received the NTA, INS Agents told him that if he left the United States voluntarily he would not be removed from the United States. (Petr.'s Br. Supp. Pet. at 1.) On March 27, 1998, Jimenez-Jimenez purchased an airplane ticket to depart the United States on April 7, 1998. (Petr.'s Br. Supp. Pet., Ex. 2.) The INS served the NTA on the Immigration Court on April 2, 1998. (Govt.'s Resp. at 2.) The Government alleges that, on the following day, the Immigration Court sent notice to Jimenez-Jimenez of a removal hearing to be held on July 29, 1998. (Id.) Jimenez-Jimenez claims that he left the United States, as scheduled, on April 7, 1998. (Petr.'s Br. Supp. Pet. at 2.) The Immigration Court thereafter entered an *in absentia* Order of Removal against Jimenez-Jimenez at the July 29, 1998 removal hearing. (Id.)

Jimenez-Jimenez subsequently re-entered the United States in 1998 without being inspected or admitted. (Id.) In late 2008 or early 2009, Immigration and Customs Enforcement took Jimenez-Jimenez into custody. (Id.; Govt.'s Resp. at 3.) While in custody, Jimenez-Jimenez filed a Motion to Rescind the *in absentia* Order of Removal, arguing that the removal proceedings were void *ab initio* because the NTA was defective and contrary to statute. (Petr.'s Br. Supp. Pet., Ex. 3.) On January 9, 2009, the Immigration Court denied the Motion, holding that the NTA was not defective because the "'date' and 'location' 'to be set' was done by [the] Court in its April 3, 1998 hearing notice to Respondent," and had been sent to the address provided by Jimenez-Jimenez when he received the NTA. (Petr.'s Br. Supp. Pet., Ex. 6.) On January 20, 2009, Jimenez-Jimenez filed an appeal of the Immigration Judge's denial to the Board of Immigration Appeals ("BIA"). (Petr.'s Br. Supp. Pet., Ex. 7.) After the appeal was filed, Jimenez-Jimenez alleges that his counsel contacted agents of the Department of Homeland Security at York, Pennsylvania, where he was being held in custody. He further alleges that

these agents stated that Jimenez-Jimenez would be removed from the country immediately. (Petr.'s Br. Supp. Pet. at 2.)  In an attempt to stall Jimenez-Jimenez's deportation until the Board's consideration of his appeal, Jimenez-Jimenez filed an Emergency Motion for Stay of Deportation with the BIA.  (Id.)  The BIA denied the Motion for Stay on January 21, 2009. (Petr.'s Br. Supp. Pet., Ex. 9.)  Jimenez-Jimenez filed an Emergency Petition for Habeas Corpus with this Court on January 22, 2009.  The Government alleges that Jimenez-Jimenez was "removed from the United States sometime after January 20, 2009."  (Govt.'s Resp. at 3.) Jimenez-Jimenez claims that he was removed from the United States shortly after his Petition was filed with this Court.  (Petr.'s Br. Supp. Pet. at 3.)

## II.   DISCUSSION

The Government challenges this Court's jurisdiction over Jimenez-Jimenez's Petition, arguing that the REAL ID Act of 2005, 8 U.S.C.S. § 1252, transferred jurisdiction over habeas corpus petitions challenging orders of removal to the circuit courts.  The Government also asserts that "this Court lacks jurisdiction to consider the Petition because Petitioner was incarcerated in York County Prison, which is located in the Middle District of Pennsylvania."  (Govt.'s Resp. at 5 (citing 28 U.S.C. § 118(b)).)  Jimenez-Jimenez argues that this Court has jurisdiction to hear his case because "he is not requesting review of the *in absentia* Order of Removal against him." (Pet'r's Br. Supp. Pet. at 5.)  Jimenez-Jimenez asserts, rather, that he:  (1) "challenges the procedure followed by the Department of Homeland Security in issuing a defective NTA contrary to statute, which resulted in an *in absentia* order of removal against him, which resulted in his subsequent detention and removal to Mexico"; (2) "challenges the legality of his detention and removal when the removal [was] based on a 1998 *in absentia* order of removal, which if

3

valid, was executed upon the Petitioner's departure from the United States in 1998"; and (3)

"challenges the Board of Immigration Appeals['] denial of Petitioner's Emergency Motion for

Stay of Deportation, and the USICE's detention and removal of the Petitioner while his appeal

from the Immigration Judge's denial of Petitioner's Motion to Rescind was pending . . . ." (Id.)

 Jimenez-Jimenez asserts that he was in custody at the time his Petition was filed. (Id. at

3.) In its Response, the Government does not challenge this assertion, but argues that

"challenges to the legality of detention are rendered moot by a petitioner's removal from the

United States." (Govt.'s Resp. at 5.) The Third Circuit, however, has stated:

> Importantly, what matters for the "in custody" requirement is whether the
> petitioner was in custody at the time his habeas petition was filed. As long as the
> petitioner was in custody when he filed his petition, a subsequent release from
> custody (e.g. a subsequent removal) will not divest the court of jurisdiction.

Kumarasamy v. U.S. Att'y Gen., 453 F.3d 169, 173 n.6 (3d Cir. 2006) (emphasis deleted)

(internal citations omitted). This Court therefore finds that the fact Jimenez-Jimenez was

removed from the United States following the filing of his Petition does not render his case moot.

 Nevertheless, this Court will refrain from exercising jurisdiction over Jimenez-Jimenez's

Petition because Jimenez-Jimenez was not confined in the Eastern District of Pennsylvania at the

time the Petition was filed. In Rumsfeld v. Padilla, the Supreme Court held that, "for core

habeas petitions challenging present physical confinement, jurisdiction lies in only one district:

the district of confinement." 542 U.S. 426, 443 (2004). The Court in Padilla went on to state

that "the district of confinement is synonymous with the district court that has territorial

jurisdiction over the proper respondent." 542 U.S. at 444; see also Banks v. U.S. Att'y Gen., 224

Fed. Appx. 144, 145 (3d Cir. 2007) (stating that petitioner must file a petition for writ of habeas

corpus in the district court having jurisdiction over petitioner's custodian).

Jimenez-Jimenez asserts:

Although Petitioner was held in custody at the York County prison for some time prior to his removal, when the Petition for Habeas Corpus was filed it was not possible for counsel to find out where the Petitioner was in custody . . . . Petitioner respectfully requests that the case not be dismissed, but transferred to another Court once the Government discloses where the Petitioner was at the time of the filing of the Habeas Corpus petition.

(Petr.'s Resp. at 4.)  The Government, however, has asserted that the proper district under Padilla is the Middle District of Pennsylvania, implying that Jimenez-Jimenez was in fact confined in the Middle District at the time the Petition was filed.  Moreover, the only respondent specifically named in Jimenez-Jimenez's Petition is Joseph Salemi, Senior Officer of the York Office of U.S. Immigration and Customs Enforcement.  As neither party has presented any additional evidence as to the location of Jimenez-Jimenez at the time of the filing of his Petition, this Court is unable to find that Jimenez-Jimenez was confined anywhere except in the Middle District of Pennsylvania at the time the Petition was filed.  As such, this Court will not decide the issue of whether Jimenez-Jimenez is in fact requesting review of the *in absentia* Order of Removal against him, but rather, shall transfer this action to the District Court for the Middle District of Pennsylvania.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILIO JIMENEZ-JIMENEZ, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 09-304 |
| | : | |
| SECRETARY OF HOMELAND SECURITY, et al., | : | |
| | : | |
| Respondents. | : | |

## <u>ORDER</u>

**AND NOW**, this 26th day of February, 2009, upon consideration of Petitioner Emilio Jimenez-Jimenez's Petition for Writ of Habeas Corpus (Doc. No. 1), and the responses thereto, it is hereby **ORDERED** that this action be **TRANSFERRED** to the District Court for the Middle District of Pennsylvania.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE